IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL ISAIAS SORTO, | : | CIVIL ACTION NO. **1:CV-13-0108** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I.      Procedural Background.**

On January 15, 2013, Joel Isaias Sorto ("Petitioner"), formerly an inmate at York County Prison[1], York, Pennsylvania, filed, *pro se*, the instant so-called "Petition of *Nunc Pro Tunc*,"[2] pursuant to 28 U.S.C.S § 2412(d). (Doc. 1). Initially, the Clerk incorrectly docketed this filing as a Petition for a Writ of Habeas Corpus pursuant to § 2241.[3] The filing, however, does not raise any habeas issues whatsoever. We will proceed, therefore, as the Respondent has also, by treating the Document 1 filing as a motion for attorney's fees. Petitioner also filed a motion to proceed *in forma pauperis* (Doc. 2).

---

[1]On January 17, 2013, we received notice that Petitioner had been released from custody. He is no longer an inmate at York County Prison.

[2]We take note that the Clerk incorrectly filed this as a Petition for a Writ of Habeas Corpus.   We will consider it, as the Respondent has, as a Motion for Attorney's Fees.

[3]We note further that because Sorto has been released from custody, even if his Petition were to assert a habeas claim, such a claim would be moot, as he is currently free from custody. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005).

Named as sole Respondent in this petition is the Department of Homeland Security. On January 23, 2013, we issued a Show Cause Order to the Respondent. (Doc. 4). On February 12, 2013, Respondent filed a Response to Petitioner's motion. (Doc. 5).

**II.     Factual Background**.

Petitioner Sorto is a native and citizen of El Salvador, who was being detained at York County Prison while undergoing removal proceedings before the Immigration Court in York, Pennsylvania. (Doc. 5, p. 1). He was released from that custody, however, on an order of supervision on January 10, 2013. (Id. at p. 2).

The York County Immigration Court denied Petitioner's request for cancellation of removal under Section 240A(b)(1) of the Immigration and Nationality Act ("INA") on May 27, 2012. (Id.). As a result, on June 12, 2012, Petitioner filed a Form I-589, "Application for Asylum and Withholding of Removal," contending that he would be subject to discrimination and violent persecution if deported back to El Salvador. (Id.). On August 16, 2012, the Court considered this application on its merits, and denied the application for asylum, but granted the application for withholding of removal pursuant to the INA. (Id.).

**III.    Claims of Petition**

In his Document 1 Petition, Sorto basically avers that he is entitled to attorney's fees under the Equal Access to Justice Act, 28 U.S.C.S. § 2412(d). He appears to be alleging that in preparation for his August 16, 2012 hearing, he "spent endless hours every day going through reports and going to the prison law library to check which one of them [the reports] would help or benefit him to make better arguments in court, and to organize his case and be able to present his case the proper

way." (Doc. 1, p. 2-3). Based on this preparation time, Sorto appears to be asserting that he is entitled to compensation for his work, in the form of attorney's fees. In his request for relief he states, "Now petitioner prays that this Honorable Court grant him the fees and cost require by 28 U.S.C.S. 2412(d)(1)(A) and (d)(2)(A) of 1800 hours of researching and paralegal work. Also $2000 for other expenses under 28 U.S.C.S. 2412(d)(I)(3) and (4)." (Id. at p. 4-5).

**IV.     Discussion.**

We begin by discussing Section 2412(d)(1)(A), also known as the Equal Access to Justice Act ("EAJA"), as cited by the Petitioner. As Respondent correctly points out, this Section specifies that under certain circumstances, the government may award attorney's fees to a party who prevails in an action against the government, unless the court finds that the position of the United States was substantially justified, or that special circumstances make an award unjust.

Respondent argues that, because the EAJA implicates the waiver of the government's sovereign immunity, it must be construed narrowly. This means that, even in cases where the government does lose, the court should be hesitant to find that its position was not substantially justified. (Doc. 5, p. 4). Respondent argues further that there is no basis from which we can conclude that a *pro se* litigant is entitled to any attorney's fees. The Supreme Court has found that a *pro se* litigant is not entitled to attorney's fees under the Civil Rights Attorney's Fees Awards Act. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Since the language of the EAJA uses the same language as that Act, Respondent argues that is should be subject to the same interpretation, *i.e.* a *pro se* litigant is not entitled to attorney's fees. Respondent then cites to various cases outside the Third Circuit, which have held that *pro se* litigants may not be awarded attorney fees under the EAJA.

(Doc. 5, p. 5).

Finally, Respondent argues that, in the alternative, attorney fees should not be awarded because the government's position was substantially justified. The standard for substantial justification contains three elements: (1) there is a reasonable basis in truth for the facts alleged; (2) there is a reasonable basis in law for the theory it propounded; and (3), there is a reasonable connection between the facts alleged and the legal theory advanced. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).

Respondent avers that Petitioner, although he did prevail in winning a withholding of his removal proceedings, did not allege that the government's position was not substantially justified. Although Petitioner prevailed, as Respondent correctly points out, the mere fact that the government lost does not give rise to the presumption that its position was not substantially justified. In fact, based upon the suggested narrow reading of the EAJA, there must be conclusive evidence that the government's position does not satisfy the elements stated above. The instant Petition makes no reference whatsoever to such an argument, nor does it attempt to show that the government was not substantially justified in any way.

We agree with Respondent in finding that, as a *pro se* litigant, Petitioner Sorto is not entitled to attorney fees under the EAJA. Sorto has not cited to any cases to support his proposition that he should be awarded attorney fees. Additionally, to the contrary, Respondent has provided ample case law to demonstrate the precedent of denying *pro se* litigants awards of attorney's fees. In the case of *Eleven Vehicles*, the court denied awarding attorney's fees to pro se litigants under the EAJA. *U.S. v. Eleven Vehicles*, 966 F. Supp. 361 (E.D. Pa. 1997). Further, the Third Circuit has held, "the

circuits are in agreement that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees." *Zucker v. Westinghouse Elec.*, 374 F.3d 221, 227 (3d Cir. 2004). The Third Circuit has gone as far as to adopt that position of its sister circuit courts, holding, "In addition, notwithstanding possible exceptions which do not apply here, a *pro se* litigant is not eligible to recover attorney's fees under the EAJA." *Daley v. Federal Bureau of Prisons*, 199 Fed. Appx. 119, 121 (3d Cir. 2006).

To the extent Petitioner requests compensation for "1800 hours of researching and paralegal work," he submits no evidence of a paralegal certification, or of any paralegal qualifications. Additionally, to the extent he requests "$2000 for other expenses," he does not detail those expenses any further, nor indicate what expenses are reflected in the figure of $2000.

As such, we will recommend that Sorto's instant Petition be dismissed with prejudice. Further, as the great weight of the law supports Respondent's first contention, and because the Petitioner did not raise the issue himself, we find futility in discussing the merits of the "substantial justification" argument at this time.

.

**V**. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Sorto's Motion for Attorney's Fees be dismissed with prejudice.

    s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 31, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL ISAIAS SORTO, | : | CIVIL ACTION NO. **1:CV-13-0108** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **July 31, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: July 31, 2013**